# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **PRECI-DIP, SA, a Swiss corporation,** | ) ) ) | |
| **Plaintiff,** | ) ) | No. 08 C 4192 |
| v. | ) ) | Judge Ronald A. Guzmán |
| **TRI-STAR ELECTRONICS INTERNATIONAL, INC., a Delaware corporation,** | ) ) ) ) ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Preci-Dip, SA ("Preci-Dip") has sued Tri-Star Electronics International, Inc. ("Tri-Star") for a declaration that Tri-Star's U.S. Patent No. 6,250,974 ("the '974 patent") is invalid and unenforceable or not infringed by plaintiff, and an order requiring Tri-Star to stop violating federal and state unfair competition laws. The case is before the Court on Tri-Star's motion pursuant to Federal Rule of Civil Procedure 12(b)(3) to dismiss or, in the alternative, to transfer this case to the Central District of California. For the reasons set forth below, the Court grants the motion to dismiss.

## Facts

Preci-Dip is Swiss a corporation that designs, manufactures and sells "cutting-edge interconnect components." (First Am. Compl. ¶¶ 1-2.) Tri-Star is a Delaware corporation that competes with Prec-Dip and owns the '974 Patent, titled "Hoodless Electrical Socket Contact." (*Id.* ¶¶ 3-5; *id.*, Ex. A, '974 Patent.)

On January 25, 2006, Tri-Star sent a letter to Preci-Dip saying it "believe[d] Preci-Dip may be in violation of Tri-Star's reverse clip contact design" and asking Preci-Dip "to forward [its] patent and product samples" to Tri-Star for its review. (Mot. Dismiss, Ex. F, Letter from Acosta to Lehmann of 1/20/06.)

On February 8, 2006, Preci-Dip asked Tri-Star for a list of all of the patents it believed covered any Preci-Dip product as well as the Tri-Star products covered by each patent. (*Id.*, Ex. G, Letter from Lehmann to Acosta of 2/8/06.)

On February 15, 2006, Tri-Star gave Preci-Dip the patent information it had requested and told Preci-Dip that the '974 Patent "cover[ed] all socket sizes [and] variations." (*Id.*, Ex. H, Letter from Acosta to Lehmann of 2/15/06.)

On April 12, 2006, Tri-Star again wrote again to Preci-Dip saying: "Nearly two months have past [sic] since we provided our patent information to you. We are most anxious to hear back from you so that we can prevent or prclude [sic] possible future patent disputes or challenges." (*Id.*, Ex. I, Letter from Acosta to Lehmann of 4/12/06.)

On April 26, 2006, Preci-Dip told Tri-Star that, after having reviewed the '974 Patent and Tri-Star's infringement allegations, it concluded that its products did not infringe the Patent. (*Id.*, Ex. J, Letter from Lehmann to Acosta of 4/26/06.)

Apparently, the parties had no further communication or took any other action for the next eighteen months. (*See* Mot. Dismiss at 4; Pl.'s Mem. Opp'n Mot. Dismiss at 2.)

On November 14, 2007, Tri-Star again wrote to Preci-Dip saying that Preci-Dip's "product most definitely violates [Tri-Star's] patent filings" and seeking to "open a dialogue with Preci-Dip . . . to resolve this issue between our two companies without a lengthy conflict." (Mot. Dismiss, Ex. K, Letter from Bouzek to Lehmann of 11/14/07.) Apparently,

2

Preci-Dip did not respond to this letter. (*See* Mot. Dismiss at 4; Pl.'s Mem. Opp'n Mot. Dismiss at 2.)

On June 26, 2008, Tri-Star filed a patent infringement suit against Preci-Dip in the District Court for the Central District of California ("California suit"). (Mot. Dismiss, Ex. C, Compl. California Suit.)

The next day, Tri-Star's attorneys sent the complaint to Preci-Dip's headquarters in Switzerland via certified mail and asked it to accept service voluntarily pursuant to The Hague Convention. (*Id.*, Ex. D, Letter from Persson to Lehmann of 6/27/08.) Tri-Star also told Preci-Dip that it would serve Preci-Dip formally if it did not receive an acknowledgment of service from Preci-Dip within fourteen days. (*Id.*)

Preci-Dip did not acknowledge service within the fourteen-day window, so Tri-Star effected service on it pursuant to The Hague Convention on September 4, 2008. (Reply Supp. Mot. Dismiss, Ex. A, Certificate Service.)

On July 23, 2008, almost a month after Tri-Star sent Preci-Dip the California complaint but more than a month before Preci-Dip was served with it, Preci-Dip filed this suit.

## **Discussion**

In deciding a Rule 12(b)(3) motion to dismiss, the Court may consider evidence outside of the complaint but "resolves all factual conflicts and draws all reasonable inferences in the plaintiff's favor." *Rotec Indus., Inc. v. Aecon Group, Inc.*, 436 F. Supp. 2d 931, 933 (N.D. Ill. 2006). Plaintiff bears the burden of demonstrating that venue is proper. *Id.*

3

Tri-Star urges the Court to dismiss this suit pursuant to the first-to-file doctrine, which instructs courts to defer to a previously-filed action if the parties and issues in the two suits are the same. *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993), *abrogated in part on other grounds, Wilton v. Seven Falls Co.*, 515 U.S. 277, 288-89 (1995).[1] The parties to this suit and the California suit are the same, but Preci-Dip argues that the issues are not. Though the validity of the '974 Patent is at issue in both suits, Preci-Dip says the unfair competition claims it raises here meaningfully distinguish this suit from the one in California.

The Court disagrees. The claims in the two suits need not be identical to satisfy the "same issues" requirement of the first-to-file doctrine. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). Rather, it is sufficient if the issues "substantial[ly] overlap." *Id.* In this case, the unfair competition claims, all of which arise from Tri-Star's communications with Preci-Dip's customers about its alleged infringement of the '974 Patent, are inextricably linked to the infringement claim. (*See* First Am. Compl. ¶¶ 17-20; *id.*, Ex. F, Letter from Bouzek to Bui of 6/27/08.)[2] Consequently, the Court finds that, like the parties, the issues in the two suits, are the same.

Despite the identity of parties and issues, the Court will not apply the first-to-file rule if it would be "unjust or inefficient" to do so. *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d

---

[1]Federal Circuit procedure, rather than that of the Seventh Circuit, applies here. *See Genentech*, 998 F.2d at 937 (stating that the propriety of simultaneously litigating a suit for patent infringement and another for a declaration of non-infringement of the same patent in two different courts "raises the issue of national uniformity in patent cases," and thus, Federal Circuit law rather than "regional circuit practice" controls).

[2]Indeed, the unfair competition claims are so closely related to the infringement claim that Preci-Dip would be required to raise them as counterclaims in the California suit. *See* Fed. R. Civ. P. 13(a)(1)(A) (defining as a compulsory any counterclaim that "arises from the same transaction or occurrence that is the subject matter of the opposing party's claim").

1341, 1348 (Fed. Cir. 2005) (quotation omitted). To make this determination, the Court considers a variety of factors including: the convenience and availability of witnesses; whether there is jurisdiction over necessary parties; the possibility of consolidation with related litigation; and whether the first suit was filed in bad faith or in an effort to forum shop. *Id.*; *Genentech*, 998 F.2d at 938; *EEOC v. Univ. of Pa.*, 850 F.2d 969, 972 (3d Cir. 1988), *aff'd*, 493 U.S. 182, 202 (1992).

The first and last factors, the only ones applicable here, provide no basis for rejecting the first-to-file rule. Preci-Dip is a Swiss corporation with its principal place of business in Switzerland that expects to call as witnesses residents of France, Florida, California, Texas, New York and New Jersey. (*See* Pl.'s Mem. Opp'n Mot. Dismiss, Ex. D, Finnegan Decl. ¶ 2.) Tri-Star is a Delaware corporation with its principal place of business in California that expects to call as witnesses its corporate employees, all of whom live in California. (*See* Mot. Dismiss, Ex. B, Bouzek Decl. ¶ 2.) Because neither party's likely witnesses live in or near Illinois, litigating the issues here would not be more convenient for them.

The Court is also not persuaded that Tri-Star filed the California suit in bad faith. *See GP Indus., Inc. v. Eran Indus., Inc.*, 500 F.3d 1369, 1374 (Fed. Cir. 2007) (stating that a suit is filed in bad faith only if "the claims asserted were objectively baseless . . . . in the sense that no reasonable litigant could realistically expect success on the merits" (quotation and citations omitted)). Preci-Dip's argument to the contrary stems from its view that the '974 Patent claims only a hoodless contact, a product that Preci-Dip does not make. Tri-Star, however, offers a plausible argument that the claims of the '974 Patent do not contain a "hoodless" limitation. Whether either interpretation is correct is, for the purposes of this motion, immaterial. The fact that there are plausible interpretations of the '974 Patent other

5

than the one offered by Preci-Dip refutes its argument that Tri-Star knew, from the face of the Patent and the features of Preci-Dip's product, that its infringement claim is baseless.

Preci-Dip also contends that Tri-Star's communications with Preci-Dip's customers show that Tri-Star filed the California suit simply to harass and intimidate them. The Court disagrees. In relevant part, the letter Tri-Star sent to Preci-Dip's customers states:

> It has come to the attention of Tri-Star that Preci-Dip . . . is manufacturing, importing and distributing a line of electrical socket contacts . . . that Tri-Star believes infringe Tri-Star's ['974 Patent]. Under U.S. patent laws, anyone who makes, uses, imports, sells, distributes or offers for sale a product covered by a U.S. Patent, without authorization of the patent owner, infringes that patent.
>
> Accordingly, and in order to protect its valuable intellectual property rights, Tri-Star, on June 26, 2008, filed a suit in the United States District Court for the Central District of California against Preci-Dip for infringement of Tri-Star's ['974 Patent].
>
> Enclosed is a copy of the . . . Complaint and the attached Tri-Star Contact patent for your review and evaluation in connection with your sale of products manufactured by Preci-Dip.

(First Am. Compl., Ex. F, Letter from Bouzek to Bui of 6/27/08; *see* Pl.'s Mem. Opp'n Mot. Dismiss, Ex. D, Finnegan Decl. ¶ 2.) The letter contains no threats, explicit or veiled, and encloses the '974 Patent to enable the recipients to assess independently Tri-Star's infringement claim. Because, as noted above, the infringement claim Tri-Star makes in the letter is a plausible one, and the letter appears to be forthright and neutral, the fact that Tri-Star sent the letter to Preci-Dip's customers does not impugn its motive for filing the California suit. *See GP Indus.*, 500 F.3d at 1374-75 ("[A] patentee has a right to inform

potential infringers of a patent and potentially infringing activity unless the communication is made in bad faith.").[3]

Finally, Preci-Dip argues that Tri-Star's bad faith is demonstrated by its delays in enforcing its patent rights against Preci-Dip. Once again, the Court disagrees. The two-year lapse between Preci-Dip's denial of infringement and Tri-Star's filing of the California suit may provide Preci-Dip with an estoppel or laches defense to that suit. Standing alone, however, it is not, sufficient to suggest that Tri-Star filed the California suit in bad faith.

## Conclusion

For the reasons set forth above, the Court grants Tri-Star's motion to dismiss [doc. no. 24] and dismisses Preci-Dip's claims without prejudice to refiling in the California suit. This case is terminated and any pending motions or schedules are stricken as moot.

**SO ORDERED.**　　　　　　　　　　　**ENTERED:**

**December 4, 2008**

　　　　　　　　　　　　　　　　　　　　　*Ronald A. Guzmán*
　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　**HON. RONALD A. GUZMÁN**
　　　　　　　　　　　　　　　　　　　　　**United States District Judge**

---

[3] According to Patrick Loviat, one of Preci-Dip's account managers, in addition to sending the letter, Tri-Star called some of Preci-Dip's customers, identified only as customers A-I, and "attempted to pressure and harass [them] . . . into ceasing sales" of Preci-Dip's products. (Pl.'s Mem. Opp'n Mot. Dismiss, Ex. A, Loviat Decl. ¶ 6.) Because the customer statements relayed by Loviat are inadmissible hearsay, the Court will not consider them.